PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA RAMIREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN A. GEPHARDT, M.D., LTD., d/b/a "NEVADA PAIN CARE," a domestic corporation,<br><br>Defendants. | CASE NO.: 2:20-cv-00882-RFB-EJY<br><br>**AMENDED COMPLAINT** |

## AMENDED COMPLAINT

Plaintiff, VERONICA RAMIREZ (hereinafter "Plaintiff") by and through her attorney PHILIP J. TRENCHAK, Esq., of Mullins and Trenchak, Attorneys at Law, hereby brings suit against STEPHEN A. GEPHARDT, M.D., LTD., d/b/a "NEVADA PAIN CARE," doing business as a domestic corporation (hereinafter "Nevada Pain Care" and/or "Defendant"), inclusive, and avers and alleges as follows:

### JURISDICTION

1. This is an action for damages arising under the Americans with Disabilities Act ("The ADA").

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

1

3.  All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

### EXHAUSTION OF ADMINISTRATIVE REMEDY

4.  Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of her disability. This was done within 300 days of the incident giving rise to the initial complaint.

5.  Thereafter, Plaintiff's attorney received VERONICA RAMIREZ's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

6.  This action is being filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff. Therefore this action is timely.

7.  Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

### PARTIES

8.  Plaintiff is, and was at all times material to this action, an individual, residing in the State of Nevada, employed by Defendant.

9.  Plaintiff is informed and believes, and thereupon alleges, that Defendant is and was at all times material to this action, STEPHEN A. GEPHARDT, M.D., LTD., d/b/a "Nevada Pain Care," a domestic corporation (hereinafter "Defendant"), duly authorized to transact, and in fact transacting business in the County of Clark, State of Nevada.

### GENERAL ALLEGATIONS

10. Plaintiff is informed and believes, and thereupon alleges, that on or about October 22, 2015, Plaintiff entered into employment with Defendant.

11. Plaintiff was originally hired as a Medical Assistant.

12. Plaintiff's job title was changed to Surgery Scheduler some time prior to the end of 2015.

13. Plaintiff worked as a Surgery Scheduler until she was wrongfully terminated.

14. Plaintiff was rushed to receive medical treatment by ambulance on March 29, 2019.

2

15. Plaintiff was later diagnosed with having a stroke.

16. Plaintiff was never offered leave under the FMLA or pursuant to the Employee Handbook which outlines a policy allowing twelve (12) weeks of leave for "compelling reasons."

17. While Plaintiff was hospitalized, her husband stayed in contact with Defendant and made his contact information available to Defendant at all times.

18. Plaintiff's husband let Defendant know of Plaintiff's condition at all times.

19. Plaintiff's husband spoke with several individuals at Defendant's office, remaining in contact at all times.

20. On or about May 5, 2019, Defendant called Plaintiff's husband and informed her that Plaintiff was terminated.

21. Upon information found in Plaintiff's 401K documentation, Plaintiff was terminated on or about April 12, 2019, without any notification to the Plaintiff.

22. Plaintiff was never offered FMLA Leave at any time during her absence from work.

23. Plaintiff suffered additional damages set forth in this Amended Complaint.

## FIRST CAUSE OF ACTION
**(Discrimination Based on Disability in violation of State and Federal Statutes)**

24. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

25. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

26. Plaintiff is a qualified individual, who was able to perform her job tasks with a reasonable accommodation.

27. Plaintiff informed Defendant, through her husband, that she had a stroke and was hospitalized.

3

28. Plaintiff is a qualified individual, with a disability, that was able to perform the essential functions of her job with a reasonable accommodation.

29. Defendant was made aware of the disability but never offered a reasonable accommodation and Defendant did not engage in the interactive process with Plaintiff to help her to obtain a reasonable accommodation to assist her in performing the essential functions of her position.

30. Defendant provided a policy for leave whereby employees are entitled to Leave under "special circumstances."

31. Upon information and belief, other employees were granted this leave under this specific provision, for reasons differing than those of the Plaintiff.

32. The employee handbook also states that up to twelve (12) weeks of unpaid leave will be granted for "compelling reasons."

33. Given Plaintiff's long term hospitalization due to a stroke, Defendant will be forced to argue that this was not a "compelling reason," if Defendant chooses to do so.

34. This employer policy was not followed by the employer, when the Defendant refused to offer twelve (12) weeks of leave to Plaintiff.

35. Defendant never engaged in the interactive process of attempting to obtain a reasonable accommodation for Ms. Ramirez.

36. Defendant was made aware that Plaintiff was hospitalized with a stroke.

37. Defendant's own handbook states that twelve weeks of leave is available for "compelling reasons."

38. This leave would have constituted the necessary reasonable accommodation for Plaintiff to perform her work.

39. Defendant never took part in the interactive process required by the ADA.

40. Defendant, as an employer is subject to Nevada and federal statutes prohibiting

4

discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

41. Plaintiff informed Defendant that she had a disability affecting a major life function through her husband's direct contact.

42. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon her Disability.

43. No other similarly situated persons, not of Ms. Ramirez' protected class, were subject to the same or substantially similar treatment.

44. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

45. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

46. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

47. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

48. Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional, and repeated violations of federal and state civil rights laws.

49. Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

50. Plaintiff is entitled to an award of reasonable attorney's fees.

51. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

52. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

### ON ALL CAUSES OF ACTION

1. For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2. For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3. For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4. For attorney's fees and costs incurred;

5. For all damages in an amount to be proved at trial;

6. For costs of suit herein incurred;

7. For reasonable interest on amounts due; and

8. For any such other and further relief as this Court deems just and proper.

DATED this 12th day of August, 2020.

          **MULLINS & TRENCHAK, ATTORNEYS AT LAW**

          _/s/ Philip J. Trenchak_
          Philip J. Trenchak, Esq.
          Nevada Bar No. 009924
          Mullins & Trenchak, Attorneys at Law
          1614 S. Maryland Parkway
          Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiff, VERONICA RAMIREZ by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 12th day of August, 2020.

MULLINS & TRENCHAK, ATTORNEYS AT LAW

PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
Attorney for Plaintiff

# Exhibit A
Right to Sue Notice

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Veronica T. Ramirez  
2213 Silver Clouds Dr  
North Las Vegas, NV 89031

From: Las Vegas Local Office  
333 Las Vegas Blvd South  
Suite 5560  
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00842 | Donna M. Cutley, Investigator | (702) 388-5008 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ Patricia A. Kane

Patricia A. Kane,  
Local Office Director

FEB 14 2020  
(Date Mailed)

Enclosures(s)

cc:  
Stephen Gephardt  
Medical Doctor/Management  
NEVADA PAIN  
7220 South Cimarron Road  
Las Vegas, NV 89113

Philip Trenchak  
MULLINS AND TRENCHAK  
1614 South Maryland Parkway  
Las Vegas, NV 89104