John A. Hunt, Esq. (NSBN 1888)
Bert Wuester Jr., Esq. (NSBN 5556)
**CLARK HILL, PLLC**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
ph. (702) 862-8300; fax (702) 862-8400
email: jhunt@clarkhill.com
email: bwuester@clarkhill.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

VERONICA RAMIREZ, an individual,

Plaintiff,

vs.

STEPHEN A. GEPHARDT, M.D., LTD., d/b/a "NEVADA PAIN CARE," a domestic corporation,

Defendant.

Case No: **2:20-cv-00882-RFB-EJY**

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendant, Stephen A. Gephardt, M.D., LTD, d/b/a "Nevada Pain Care" ("Defendant" or "Nevada Pain Care"), by and through counsel, hereby submits its above-captioned motion to dismiss Plaintiff, Veronica Ramirez's ("Plaintiff" or "Ms. Ramirez"), *Amended Complaint* (ECF No. 11) filed August 12, 2020, pursuant to Fed.R.Civ.P. 12(b)(6).

## POINTS & AUTHORITIES

### I.
### INTRODUCTION

Ms. Ramirez initiated this action on May 15, 2020, with the filing of her initial *Complaint*

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

Page **1** of 13

(ECF No. 1) which contained three (3) causes of action related to her alleged unlawful/improper termination of employment from Defendant, namely:

> 1) Discrimination Based on Disability in Violation of State and Federal Statutes[1];
>
> 2) Violation of the Family Medical Leave Act (FMLA)[2]; and
>
> 3) Breach of Contract.[3]

In response, on July 29, 2020, Nevada Pain Care filed *Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment* (ECF No. 8) relative to Plaintiff's second (2nd) and third (3rd) causes of actions.

Plaintiff did not oppose Defendant's Motion seeking dispositive rulings on the second (2nd) and third (3rd) causes of action in her original *Complaint*. Instead, Plaintiff filed her at-issue *Amended Complaint* which no longer contains causes of action for violation of the FMLA or breach of contract (i.e., the second (2nd) and third (3rd) causes of action which were present in her initial *Complaint*). Plaintiff's *Amended Complaint* contains only one (1) cause of action, namely, "Discrimination Based on Disability in violation of State and Federal Statutes." See *Amended Complaint* (ECF No. 11), at 3:18 to 6:3, ¶¶24-52.

Defendant, by this Motion, seeks dismissal of Plaintiff's *Amended Complaint* (ECF No. 11) and its remaining sole cause of action.

## II.
## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's *Amended Complaint* alleges that Ms. Ramirez worked at Nevada Pain Care for

_____

[1] Id., *Complaint* at 3:18 to 5:16, ¶¶24-47.

[2] Id., *Complaint* at 5:20 to 6:17, ¶¶ 48-59.

[3] Id., *Complaint* at 6:22 to 7:3, ¶¶60-65.

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

nearly four (4) years in that it is alleged she was hired on or about October 22, 2015, and worked until May 5, 2019 (id., ¶¶ 10, 20) during which she worked first as a medical assistant then as a surgery scheduler. Id., ¶¶ 11-13.

Plaintiff's *Amended Complaint* alleges, in pertinent part, as follows for her sole claim, i.e., her First Cause of Action (Discrimination Based on Disability in violation of State and Federal Statutes)[4]:

25.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

26.     Plaintiff is a qualified individual, who was able to perform her job tasks with a reasonable accommodation.

27.     Plaintiff informed Defendant, through her husband, that she had a stroke and was hospitalized.

28.     Plaintiff is a qualified individual, with a disability, that was able to perform the essential functions of her job with a reasonable accommodation.

29.     Defendant was made aware of the disability but never offered a reasonable accommodation and Defendant did not engage in the interactive process with Plaintiff to help her to obtain a reasonable accommodation to assist her in performing the essential functions of her position.

30.     Defendant provided a policy for leave whereby employees are entitled to Leave under 'special circumstances."

31.     Upon information and belief, other employees were granted this leave under this specific provision, for reasons differing than those of the Plaintiff.

32.     The employee handbook also states that up to twelve (12) weeks of unpaid leave will be granted for "compelling reasons."

---

[4] When compared to her initial *Complaint* (ECF No. 1), Plaintiff's *Amended Complaint* (ECF No. 11) adds five (5) paragraphs of new allegations to this claim. Notwithstanding such additional allegations, the claim still fails as more fully addressed herein.

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

33.     Given Plaintiff's long term hospitalization due to a stroke, Defendant will be forced to argue that this was not a "compelling reason," if Defendant chooses to do so.

34.     This employer policy was not followed by the employer, when the Defendant refused to offer twelve (12) weeks of leave to Plaintiff.

35.     Defendant never engaged in the interactive process of attempting to obtain a reasonable accommodation for Ms. Ramirez.

36.     Defendant was made aware that Plaintiff was hospitalized with a stroke.

37.     Defendant's own handbook states that twelve weeks of leave is available for "compelling reasons."

38.     This leave would have constituted the necessary reasonable accommodation for Plaintiff to perform her work.

39.     Defendant never took part in the interactive process required by the ADA.

40.     Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

41.     Plaintiff informed Defendant that she had a disability affecting a major life function through her husband's direct contact

42.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon her Disability.

43.     No other similarly situated persons, not of Ms. Ramirez' protected class, were subject to the same or substantially similar treatment.

44.     Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

45.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

46.     Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

depression resulting from this unlawful discrimination by her employer.

47.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

48.     Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional, and repeated violations of federal and state civil rights laws.

49.     Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

50.     Plaintiff is entitled to an award of reasonable attorney's fees.

51.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

52.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

See *Amended Complaint* (ECF No. 11), at 3:18 to 6:3, ¶¶25-52.

### III.
### STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.   A motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted focuses on the Plaintiff's complaint and tests its sufficiency. North Star Int'l v. Arizona Corp. Comm'n., 720 F.2d 578 (9th Cir.1983).   Under the established test, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45–46 (1957).   The court accepts the plaintiff's allegations as true, and construes the complaint in the plaintiff's favor.   NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).   The court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

_Sprewell v. Golden State Warriors_, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007); _William O. Gilley Enterprises, Inc. v. Atlantic Richfield Company_, 561 F.3d 1004, 2009-1 Trade Cases P 76, 569 (9th Cir. 2009). However, the complaint must contain factual allegations that are enough to raise a right to relief above the speculative level. _Ashcroft v. Iqbal_, 129 S.Ct. 1937, 1949 (2009). Plaintiff must provide grounds of his entitlement to relief beyond mere labels and conclusions, and a formulaic recitation of the elements of the cause of action. _Twombly_, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." _Iqbal_, 129 S.Ct. at 1949. The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. _See Sprewell v. Golden State Warriors_, 266 F.3d 979, 988 (9th Cir. 2001).

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." _Twombly_, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." _Iqbal_, 556 U.S. at 678 (citation omitted).

In _Iqbal_, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

truth. Id. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. Twombly, 550 U.S. at 570.

## IV.
## DISCUSSION

**1.   Plaintiff's _Amended Complaint_ and its only claim, i.e., its First Cause of Action (Discrimination Based on Disability in violation of State and Federal Statutes), should be dismissed.**

Plaintiff's _Amended Complaint_ and its only claim, i.e., its First Cause of Action (Discrimination Based on Disability in violation of State and Federal Statutes), should be dismissed because it fails to state a claim upon which relief can be granted.

The American's with Disabilities Act ("ADA" or the "Act") forbids covered entities from discriminating "against a qualified individual on the basis of disability in regard to ... the hiring, advancement, or discharge of employees ... and other terms, conditions, and privileges of employment." 42 USC 12112(a). The Act defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual" or "being regarded as having such an impairment." See § 12102(1)(A), (C). The Act goes on to define "major life activities" to include "caring for oneself, performing manual tasks, seeing,

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." See § 12102(2)(A). To state a case of discrimination under the ADA, Plaintiff "must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1090 (9th Cir.2002) (citing the Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.).

With regards to ADA claims, courts have found that "merely noting the existence of a physical ailment, such as heart disease, without more, does not constitute a disability within the meaning of the applicable statute." See Peklun v. Tierra Del Mar Condo. Ass'n, Inc., 2015 WL 8029840, at *8 (S.D. Fla. Dec. 7, 2015) (citing Hilburn v. Murata Elecs. of N. Am., Inc., 181 F.3d 1220, 1227–28 (11th Cir. 1999)). Rather, a complaint must allege factual matter explaining how the alleged ailment substantially limits a major life activity. Id. at *8; cf. Holton v. First Coast Serv. Options, Inc., 703 F. App'x 917, 921 (11th Cir. 2017), cert. denied, 138 S. Ct. 1265 (2018) (finding allegation that a back impairment "when active substantially limit[ed] one or more ... major life activities" was conclusory and could not establish a disability under the ADA).

Thus, courts throughout the country routinely reject conclusory allegations of disabilities under the ADA. See, French v. Idaho State AFL-CIO, 164 F. Supp. 3d 1205, 1218 (D. Idaho 2016) ("Without any facts concerning the nature or extent of her disabilities, [plaintiff's] allegations are insufficient to plausibly suggest she has a disability under the ADA."); Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 401 (S.D.N.Y. 2011) (dismissing ADA claim because complaint alleged "no facts tending to show that [plaintiff's] medical condition limits, let alone substantially limits," any major life activity); see also Baker v. Nw. Med. Lake

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

Forest Hosp., 2017 WL 2908766, at *5 (N.D. Ill. July 7, 2017) ("[Plaintiff] has not alleged or explained, however, how either of these diseases substantially limits any major life activity.... This alone is sufficient to dismiss her disability discrimination claims."); Lambdin v. Marriott Resorts Hospitality Corp., 2015 WL 263569, at *2 (D. Haw. Jan. 21, 2015) ("It is not enough for [plaintiff] to state, in conclusory fashion, that he has a disability. Having been injured or living with an impairment does not necessarily guarantee that one is protected by the ADA."); Longariello v. Phoenix Union High Sch. Dist., 2009 WL 4827014, at *5 (D. Ariz. Dec. 15, 2009) ("Although he alleges that he is 'disabled,' ... Plaintiff fails to identify the nature of his impairment and how that impairment substantially limits one or more of his major life activities.").

Here, the sole contention in the *Amended Complaint* specific to major life activities is Ms. Ramirez's conclusory allegation that "Plaintiff informed Defendant that she had a disability affecting a major life function through her husband's direct contact." Id., at 5:4-5, ¶ 41. Tangentially—although not alleged with specific reference to major life activities – Ms. Ramirez also alleges she "informed Defendant, through her husband, that she had a stroke and was hospitalized." Id., at 3:26-28, ¶ 27.[5] Ms. Ramirez's *Amended Complaint* does not make any allegations as to the major life activity in which she was limited or perceived to be limited. Even if the Court were to infer that Ms. Ramirez intended to allege that she was substantially limited, or perceived to be substantially limited, in the major life activity of working, she still has not alleged that she was unable to work in a broad class of jobs or that Defendant perceived her as unable to work in a broad class of jobs. Therefore, as more fully addressed herein, Ms. Ramirez

---

[5] See also ¶¶ 15, 17, 33, and 36 regarding further and similarly conclusory allegations Ms. Ramirez was hospitalized with a stroke.

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

has not alleged a plausible claim for disability discrimination under the ADA and/or its Nevada state law and, therefore, the *Amended Complaint* should be dismissed.

It is not enough for Ms. Ramirez to allege, in conclusory fashion, that she has a disability. Having been injured or living with an impairment does not necessarily guarantee that one is protected by the ADA. As noted by the Ninth Circuit, "[t]he ADA defines 'disability' with specificity as a term of art. Hence, a person may be 'disabled' in the ordinary usage sense, or even for purposes of receiving disability benefits from the government, yet still not be 'disabled' under the ADA." Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1354 n. 2 (9th Cir.1996). More is required of Ms. Ramirez to sufficiently allege a disability under the ADA. See Kaiser v. Banc of Am. Inv. Servs., Inc., 296 F.Supp.2d 1219, 1221 (D. Nev. 2003) (concluding that plaintiff insufficiently pled his alleged disability under the ADA even though plaintiff alleged that defendant regarded him as disabled because "the complaint does not state that Plaintiff was regarded as having an impairment that 'substantially limits' a 'major life activity,' nor does it allege which major life activity is regarded as impaired") (citing Mattice v. Mem'l Hosp. of South Bend, Inc., 249 F.3d 682, 685 (7th Cir.2001)); Rodriguez v. John Muir Med. Ctr., No. C 09–0731 CW, 2010 WL 1002641, at *2 (N.D.Cal. Mar. 18, 2010) (concluding that plaintiff insufficiently pled a disability under the ADA where plaintiff stated that she "had a disability involving her back" but did not allege facts suggesting substantial impairment due to her disability and did not "illuminate the nature, severity, duration and impact of her disability").

Plaintiff's *Amended Complaint* also fails to provide adequate allegations regarding whether Ms. Ramirez may be a qualified individual under the ADA. A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 USC § 12111(8); see also

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

Page **10** of **13**

Bates v. United Parcel Serv., Inc., 511 F.3d 974, 989 (9th Cir .2007). Although Ms. Ramirez's *Amended Complaint* alleges that she was a surgery scheduler at Nevada Pain Care (id., ¶ 13) and that she "is a qualified individual, who was able to perform her job tasks with a reasonable accommodation" (id., ¶ 26), her pleading fails to allege anything other than these conclusory contentions about whether or how she falls under the ADA. The absence of allegations going to such basic matters also weighs in favor of dismissal. See Reyes v. Fircrest Sch., No. C11–0778JLR, 2012 WL 5878243, at *3 (W.D.Wash. Nov. 21, 2012) (dismissing ADA claim given absence of allegations indicating that plaintiff was a qualified individual); Goodmon v. Big O Tires, Inc., No. 110CV0550 OWW DLB, 2010 WL 1416680, at *2 (E.D.Cal. Apr. 8, 2010) (same); Rodriguez, 2010 WL 1002641, at *3 (same).

These conclusory and unelaborated allegations fall short of establishing a covered disability under the ADA. Plaintiff's *Amended Complaint* is entirely devoid of factual allegations explaining or showing how the alleged stroke limits - let alone substantially limits - any of Ms. Ramirez's major life activities (employment related or otherwise). Simply put, her conclusory allegations she suffered a stroke are not enough to state a plausible disability discrimination claim under the ADA, and by extension Nevada's disability statutes found at NRS 631.330 et. seq.

As to the Plaintiff's allegation her cause of action is also subject to Nevada statutes prohibiting discrimination based upon disability, i.e. NRS 613.330 et. seq. (see *Amended Complaint*, at ¶ 40), the same is almost identical to the federal statute prohibiting discriminatory employment practices. Therefore, any NRS 613.330 claims are analyzed using the same principles that apply to Title VII claims. See Apeceche v. White Pine Cty., 615 P.2d 975, 977 (1980) (noting the similarity between the state and federal laws and analyzing a state claim under

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

the federal precedent); see also Samuels v. We've Only Just Begun Wedding Chapel. Inc., 2015 WL 9200392, at *3 (D. Nev. Dec. 15, 2015). Considering the Plaintiff's Federal claim under the ADA fails, her claim under NRS § 613.330 fails for the same reasons.

**V.**

**CONCLUSION**

Based upon the foregoing, Plaintiff's *Amended Complaint* and its sole cause of action ("Discrimination Based on Disability in violation of State and Federal Statutes")[6] should be dismissed.

Respectfully submitted this 24 day of August, 2020.

CLARK HILL, PLLC

By: _____
    John A. Hunt, Esq. (NSBN 1888)
    Bert Wuester, Jr., Esq. (NSBN 5556)
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
    Ph. (702) 862-8300; fax (702) 862-8400
    Email: jhunt@clarkhill.com
    Email: bwuester@clarkhill.com
    Attorneys for Defendant

---

[6] See *Amended Complaint* (ECF No. 11), at 3:18 to 6:3, ¶¶24-52.

Clark Hill, PLLC
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

## **CERTIFICATE OF SERVICE**

I, the undersigned employee of Clark Hill, PLLC, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within aboveentitled action. I am an employee of Clark Hill, PLLC., in Las Vegas, Nevada,

On the date noted below, I caused to be served the within document, **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**, on the parties in said action addressed as follows:

\_\_\_\_     [By Mail] I am familiar with my employer's practice for the collection and processing of correspondence formailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioneddocument(s) on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices at Las Vegas, Nevada, addressed as set forth above.

\_\_\_\_     [By Personal Service] By causing a true copy to be personally delivered thereof to the office of the addressee above.

\_\_\_\_     [By Overnight Courier] By causing a true copy thereof to be personally delivered via the following overnight courier service:

  **X**     [By Electronic Service] By causing a true copy thereof to be delivered electronically through the Court's ECF/PACER filing system, as stipulated by all parties to constitute personal service to the above address.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed at Las Vegas, Nevada.

By _____ this 25th day of August, 2020.
      Employee of Clark Hill, PLLC

**Clark Hill, PLLC**
3800 Howard Hughes Pkwy.
Suite 500
Las Vegas, Nevada 89189
Ph. (702) 862-8300
Fax (702) 862-8400
www.clarkhill.com

Page **13** of **13**

260353291.1  99316-347223